*333 JUSTICE WEBER
concurs and dissents as follows:
I concur in the majority opinion with regard to Issue I — Is the oral marital settlement agreement entered into between the parties enforceable, and Issue IV — Did the District Court err in establishing a trust for the minor child’s college education? I dissent from Issues II and III.
II — PROPERTY DISTRIBUTION
In reviewing the property distribution as well as the award of maintenance, I find it important to consider the District Court’s findings and conclusions which are summarized as follows in pertinent part:
At the time of hearing Garnet was 52 years old and Arlyn was 55. Both are in good physical health. Garnet is a high school graduate with one year of business school and she completed a word processing class in 1986-87. She currently is employed ten months out of the year as a secretary for the Arlee School District where she earns $9.30 an hour. She has been a homemaker for 33 years. She anticipates minimal inheritance from her parents. Arlyn is a high school graduate who has spent the majority of his life as an operator of heavy equipment and has two years of college. He operates a small cattle ranch at the family home in Arlee. Since the death of his parents he has quit his employment as a heavy equipment operator and spends most of his time at rodeos and doing as he pleases. His total known inheritance is approximately $624,917. It may be greater with additional payments to be received from his father’s ranch. In finding of fact IX, the District Court set forth in detail all of the assets accumulated by both parties during their marriage. Included in this are the following with regard to inheritance on the part of Arlyn:
Inheritance from respondent’s (Arlyn’s) $178,500 mother as of December 1989
Certificates of deposit fromrespondent’s 78,124 grandmother as of December 1989
Known inheritance from father’s estate 368,293
Balance owed on contract due from value unknown sale of father’s land to Simontons & Murdocks
As a result the District Court gave the total approximate value of Arlyn’s assets at $785,805.
*334 The court determined Garnet’s monthly living expenses to be $1458. As pointed out in the majority opinion, no deduction was made for the $460 rent figure included in that total. In finding of fact XI the District Court found that Garnet has accumulated only $7291 in her retirement pension fund and that she will need a substantial share of Arlyn’s assets to live comfortably as she gets older; she has little saved for her retirement because of the thirty-plus years she spent working as a homemaker for her husband and five children. She has had to deplete her savings account, money market account and stocks to provide for her basic daily needs. Arlyn has retained the marital home and surrounding acreage as his residence. Garnet has no real property and must pay rent. The District Court found that Garnet “lacks sufficient property to provide for her reasonable needs, and she is unable to support herself through appropriate employment.” As to Arlyn, the court found that he could afford to retire because of “the approximate $624,917 plus inheritance money he has received” and because his needs are much less than his total assets and he is capable of providing Garnet with a greater proportion of marital property and maintenance.
In finding of fact XII the court found that after thirty-three years of marriage, raising five children and providing for her husband’s needs, Garnet’s contributions as a homemaker were extensive indeed and that her contributions exceeded the call of duty when she put up with an enormous amount of mental and physical abuse from Arlyn. She maintained the household, cared for the children and was the family’s provider for domestic chores. Since the marital home was a working livestock ranch, she was required to nurse sick calves, vaccinate cattle and help pull calves. She is a hard-working woman who took responsibilities seriously and everything she did served to facilitate the maintenance of the family and the property. Arlyn was a hard-working man who provided for the needs of his family and ran a small marital cattle operation and did the chores and worked on the machinery and kept the ranch going. His non-monetary contributions are less than Garnet’s because he did not provide for the care of the children as did she, nor did he do as much around the family home. However, Arlyn’s efforts and money received from his family did provide a very good standard of living for his family.
In finding of fact XIII the court concluded that Garnet should be awarded the family home in Arlee worth $100,000 and that Arlyn should receive all of his assets accumulated during the course of the marriage currently in his possession less only the family home. This *335 would then give assets to Garnet of $123,056 and assets to Arlyn of $685,805.
In finding of fact XIV, the District Court found that Garnet’s net available resources totaled $11,000 per year. As to Arlyn, the court assumed that if he received a rate of 8-10 percent interest on his assets, his annual income would be approximately $40,000. From the tables the District Court computed a monthly support obligation of $154 per month for Garnet and $560 for Arlyn. The court then concluded that an appropriate child support payment of $400 per month was not unreasonable and that it was fair and equitable to require Arlyn to pay $400 per month for Kat/s support. There is no appeal from this determination.
In finding of fact XV, the court pointed out that with Garnet’s net available resources of $916 per month, she lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. The court further determined that if a cash settlement is not awarded, she should receive a maintenance award in the amount of $900 per month. The maintenance amount would provide her with $10,800 per year which added to her wages of $11,000 would provide her with $21,800 per year which would provide for her reasonable needs. The court further pointed out that after thirty-three years of marriage she is entitled to maintenance because of the long duration of the marriage and being 52 years of age, although she is not elderly, she is at an age where it is difficult to begin training for a better paying job.
While the majority opinion refers to § 40-4-202, MCA, it concludes it is clear that the District Court failed to give appropriate consideration to the statutory factors when it awarded Garnet the entire value ofthe major marital asset (the family home) simply because of Arlyn’s receipt of a substantial post-separation inheritance. The majority states:
Here, the District Court’s award of the entire value of the marital home to Garnet without credit to Arlyn was clearly an abuse of discretion. We hold that the District Court erred in failing to award Arlyn any credit for or portion of the family home merely on the basis of his receipt of the post-separation inheritance, and we reverse and remand for further consideration of the property distribution in this case.
I disagree with the majority’s conclusion and holding. I conclude that the majority has failed to consider all of the appropriate code *336 provisions and instead has focused on one portion only of the code. Following are the pertinent provisions of § 40-4-202, MCA:
Division of property. (1) In a proceeding for dissolution of a marriage,... the court, without regard to marital misconduct, shall ... finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. ... In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;... the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of this property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.
The essence of the conclusions and holding of the majority is that the District Court improperly awarded the $100,000 home to Garnet because of Arlyn’s receipt of a substantial post-separation inheritance; that the court erred in failing to award Arlyn any credit in the family home merely because of his receipt of such post-separation inheritance; and as a result, the District Court’s award of the entire $100,000 value of the marital home to Garnet was an abuse of discretion. I disagree with those conclusions and holdings. In contrast, I believe that the above quoted § 40-4-202(1), MCA, requires that the court consider all properties, including post-separation inheritances.
The first several sentences of subsection (1) of § 40-4-202, MCA, require the District Court to “equitably apportion” between the parties the property belonging to Garnet and Arlyn or either of them, however and whenever acquired, and whether title is in one or both. Clearly that portion of the statute affords no basis to suggest that property acquired by post-separation inheritance is not to be equitably apportioned between the parties.
In a similar manner, the subsequent portions of § 40-4-202(1), MCA, in this case require the District Court to consider the contributions of Garnet to the marriage. Note those contributions are not limited to some form of monetary contribution. The contributions are *337 required by statute to include the nonmonetary contributions of Garnet; the extent to which such contributions have facilitated the maintenance of the property — note this is not even stated in the statute to be limited to monetary contributions but can include other types of contributions — and, finally, the court must consider whether or not the property division to Garnet served as an alternative to maintenance arrangements. The majority has apparently concluded that it was totally inappropriate to consider the substantial post-separation inheritance received by Arlyn. I do not find that the statute contains any basis for such a conclusion.
As above set forth, the statute requires consideration of contributions of Garnet “to the marriage” which is not limited to monetary contributions. In a similar manner, the statute expressly says that the district court shall consider the nonmonetary contributions of Garnet. Last, the court must consider whether the property division serves as an alternative to some part of the maintenance arrangements. The majority has disregarded all of the statutory provisions and focused on one aspect only — the separation of the parties which has led the majority to conclude there is no right to share on the part of Garnet to inheritance received after the separation of Garnet and Arlyn. I can only reemphasize that the opening provisions of § 40-4-202, MCA, require the District Court to equitably apportion the property and assets “however and whenever acquired.” I find no basis for the narrow holding on the part of the majority.
Under the statutory requirement that the District Court is to consider the contributions to the marriage on the part of Garnet, including her nonmonetary contributions, it is important to consider the extensive findings of fact by the District Court which state that Garnet has devoted 33 years of marriage to the raising of five children and providing for Arlyn’s needs, and that her contributions exceeded the call of duty. The District Court further pointed out that Garnet has accumulated very little in her retirement pension fund and emphasized the limited nature of her education and her limited capacity to retrain at her age.
The District Court concluded that it was reasonable to award the family home worth $100,000 to Garnet (keeping in mind that the ranch awarded to Arlyn also has a family home). Following the same findings of fact, the court concluded that it was reasonable to award Garnet a maintenance award of $900 per month — pointing out that the maintenance would provide $10,800 per year which added to her wages of $11,000 would provide her with $21,800 and which would *338 provide for her reasonable needs. I suggest the making of the foregoing conclusions with regard to the family home are clearly within the discretion granted to the District Court under the express provisions of § 40-4-202(1), MCA. I conclude there was substantial evidence to support the District Court’s division of property and in particular the award of the $100,000 family home to Garnet. I would affirm on this issue.
III — AWARD OF MAINTENANCE
In the discussion of the maintenance award of $900 per month to Garnet, the majority states:
Again, it is clear that the District Court considered Arlyn’s post-separation inheritance by granting Garnet the excessive award of maintenance. In fact, the District Court found that Garnet “need[s] a substantial share of her husband’s assets so she can live comfortably.” We hold that these findings are clearly erroneous. We reverse and remand the issue of maintenance for review, in light of our holding regarding the division of the marital estate and for application of the statutory criteria.
The essence of the foregoing holding is that the District Court erroneously considered the post-separation inheritance in making an award of maintenance. I do not agree with that holding.
Section 40-4-203, MCA, provides in pertinent part:
Maintenance. (1) In a proceeding for dissolution of marriage ... the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
(a) lacks sufficient property to provide for his reasonable needs; and
(b) is unable to support himself through appropriate employment ...
(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just... and after considering all relevant facts including:
(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
*339 (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
(c) the standard of living established during the marriage;
(d) the duration of the marriage;
(e) the age and the physical and emotional condition of the spouse seeking maintenance; and
(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.
The majority suggests that it was improper to consider Arlyn’s post-separation inheritance. Under the maintenance statute the court was required to consider all relevant facts with regard to maintenance including the financial resources of the party seeking maintenance in addition to the marital property apportioned to her and her ability to meet her needs independently, including the extent to which the provision for the child is included; the time necessary to acquire education and training; the standard of living established during the marriage which is significant because of Garnet’s barren mode of life style during the separation; the duration of the marriage which was over 33 years; the age of Garnet; and the ability of Arlyn to meet his needs while meeting those of Garnet — which seems clearly to require consideration of the post-separation inheritance.
As a result of the foregoing findings and conclusions by the District Court, I disagree with the majority conclusion that it was clearly erroneous to find that Garnet needed a substantial share of her husband’s assets to live comfortably. The record contains substantial evidence to support the conclusion that Garnet needed maintenance when compared to the ability of Arlyn to meet his needs. I would also point out that paragraph (c) of § 40-4-202(1), MCA, requires the District Court to consider whether the property division serves as an alternative to maintenance — and in this case the property division of the home obviously did not constitute an alternative to maintenance with the exception that it eliminated the necessity of the $460 per month rent.
I do agree that it is important to remand for reconsideration because no deduction was made for the monthly rental expense of $460. However, that is only one of the many facts which properly should be considered on remand, including the extensive findings of fact to which reference has previously been made. As an example, I *340 would emphasize that the $1458 expenses allocated to Garnet were found by the District Court to be based on a “bare and frugal lifestyle” which she has lived since the date of separation. Under the statute, Garnet is entitled to sufficient property to provide for her “reasonable” needs.
I would therefore remand on the issue of the maintenance award, but I disagree with the apparent majority holding that in that remand, the District Court is not allowed to consider inherited property or post-separation inherited property. On remand I would require that the District Court consider all of the elements of § 40-4-203, MCA, which are pertinent to this case, including the facts as previously found by the District Court.
CHIEF JUSTICE TURNAGE concurs in the foregoing concurrence and dissent.